IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN MARGRETTA, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 1:CV-17-0037 |
| vs. : | |
| : | (Judge Caldwell) |
| TAMMY FERGUSON, *et al.*, : | |
| : | |
| Defendants : | |

*M E M O R A N D U M*

I.  *Introduction*

The pro se plaintiff, Steven Margretta, an inmate at the State Correctional Institution in Benner Township (SCI-Benner), Pennsylvania, filed this 42 U.S.C. § 1983 civil-rights action challenging the loss of his prison job.  He names as defendants the following SCI-Benner officials: Tammy Ferguson, the prison's superintendent; Nadine Ramirez, Head of the Education Department; Cheryl Garmon, Director of Inmate Employment; Richard Hamor, Unit Manager of C-Block; and Terry Gummo, inmate counsel.  Also named as defendants are the Pennsylvania Department of Corrections (DOC), and John E. Wetzel, Secretary of the Department of Corrections.  The individual defendants have been named in their individual and official capacities.

As Margretta seeks to proceed *in forma pauperis* in this action, the Complaint is before us for screening pursuant to 28 U.S.C. § 1915.  For the following reasons, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  However, Margretta will be permitted to file an amended complaint on his equal protection claim.

II.  *Standard of Review*

We are required to screen Margretta's Complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B)(ii).  The court must dismiss a complaint, or any portion thereof, if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).  Under Rule 12(b)(6), we must "take as true all the factual allegations of the [complaint] and the reasonable inferences that can be drawn from them, but we disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements."  *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010)(quotation marks omitted and citation omitted).

"The test in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) is whether, under any 'plausible' reading of the pleadings, the plaintiff would be entitled to relief."  *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  To satisfy this standard, a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are

not required, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964.  Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. at 1974.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965).  "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

A complaint filed by a pro se plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).  Yet, even a pro se plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.2013) (citation omitted).  A plaintiff is to be granted leave to file a curative amended complaint even when he does not seek leave to amend, unless amendment would be inequitable or futile.  *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

III.    *Background*

In his Complaint, Margretta alleges as follows.  Since August 2015, he has been employed as a library worker in SCI-Benner's institutional library.  (ECF No. 1, p. 3)

He has received positive progress reports from his supervisor, Ms. Wyandt, the lead librarian at the prison library, and receives 35¢ an hour in compensation for his services as a library worker.

On July 25, 2016, Margretta was summoned to a meeting. In attendance at that meeting were Ms. Ramirez, Head of the Education Department; Ms. Garmon, Director of Inmate Employment; Mr. Hamor, Unit Manager of C-Block; and Mr. Gummo, Inmate Counsel. Ms. Wyandt was not aware of the meeting until immediately before it took place. Margretta's prison employment as a library worker was terminated at the meeting.

Margretta claims Ramirez, Garmon, Hamor and Gummo removed him from his job in violation of the DOC's administrative directives. According to Plaintiff, DC-ADM 816, Section 1(M)(7) reads:

> Removal of an inmate from a work assignment for reasons other than misconduct or medical necessity must be handled by a Unit Management Team action. The Supervisor must submit in writing information regarding the reaso[n](s) to the Unit Management Team, who will discuss the situation with the inmate and attempt to resolve the problem. The Unit Management Team may remove the inmate from the job assignment and his/her pay may be suspended.

(*Id.*, p. 4.) Margretta avers Ramirez, Garmon, Hamor and Gummo, acting as the Unit Management Team, violated the directive because they removed him from his prison job without the submission of written information from his supervisor regarding the reasons for removal. (*Id.*) Margretta asserts the defendants did not remove other inmates from their job assignments in violation of DC-ADM 816, Section 1(M)(7). He claims the DOC, Secretary Wetzel and Superintendent Ferguson failed to ensure the other defendants "were

properly trained to follow the the (sic) policy outlined in DC-ADM 816, Section 1(M)(7)." (*Id.*, p. 23)

Margretta presents three claims: (1) a claim that his rights "created by DC-ADM 816, Section 1(M)(7)" were violated; (2) a claim that his equal protection rights were violated; and (3) a claim that his due process rights were violated.  (*Id.*, p. 5.)  As relief, he seeks declaratory, compensatory, and punitive damages.  (*Id.*)

IV.   *Discussion*

    A.   *The Eleventh Amendment Prohibits Suits against the DOC and Claims against the Defendants in Their Official Capacities*

The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages.  *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684, 687-88, 121 L.Ed.2d 605 (1993); *Johnson v. Wenerowicz*, 440 F. App'x 60, 84 (3d Cir. 2011)(nonprecedential).  By statute, the Commonwealth of Pennsylvania has refused to waive its Eleventh Amendment immunity.  42 Pa. Cons. Stat. Ann. § 8521(b); *Lavia v. Pa., Dept. Of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000).  Likewise, since suits against state officials in their official capacities are really suits against the employing government agency, they are also barred by the Eleventh Amendment.  *See Hafer v. Melo,* 502 U.S. 21, 25-27, 112 S.Ct. 358, 361-62, 116 L.Ed.2d 301 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989).  An additional reason for dismissing the federal claims against the DOC is that it is not a "person" for purposes of 42 U.S.C. § 1983.  (*Id.*)

The claims against the following defendants, in their official capacities only, will therefore be dismissed: Tammy Ferguson, Nadine Ramirez, Cheryl Garmon, Richard Hamor, Terry Gummo, and John E. Wetzel. The DOC will also be dismissed from this action.

B.  *Claims Against Secretary Wetzel and Superintendent Ferguson*

Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil-rights action. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003). A supervisory defendant may be liable if he directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Liability cannot be imposed on a defendant in a § 1983 claim based on a respondent superior theory. *Id.* A supervisory official may also be liable for a failure to train subordinates, a failure to train being considered a subcategory of establishing an unconstitutional policy or practice, personal conduct that would allow for the imposition of liability on a supervisory official. *See Korth v. Hoover*, ___ F. Supp. 2d ___, ___, 2016 WL 3088147, at *7 (M.D. Pa. 2016)(Caldwell, J.).

Here, Margretta does not allege that Secretary Wetzel or Superintendent Ferguson had any contemporaneous personal knowledge of Margretta's firing or directed the other defendants not to follow DOC policy when discharging him from his prison job on July 25, 2016. As noted above, a defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel.*

*Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000). Margretta does allege, conclusionally, that these defendants failed to ensure the other defendants "were properly trained to follow the DC-ADM 816, Section 1(M)(7)." However, such an allegation cannot support a failure-to-train claim when Plaintiff also alleges as part of an equal protection claim that no other inmate was subjected to a violation of the policy. Accordingly, these defendants will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without leave to amend.

> C. *Margretta Does Not Have a Liberty or Property Interest in Prison Employment Protected by the Due Process Clause*

The Due Process Clause of the Fourteenth Amendment provides in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1. Plaintiff's due process claim fails because a prisoner has no liberty or property interest in a prison job. *See Presbury v. Wenerowicz*, 472 F. App'x 100, 101 (3d Cir. 2012)(nonprecedential). This claim will therefore be dismissed. Additionally, because any amendment to Margretta's due process claim would be futile, he will not be granted leave to amend this claim.

> D. *Margretta Fails to State an Equal Protection Claim*

Plaintiff also makes an equal protection claim. He avers that "Defendants did not remove other inmates from their job assignments in violation of DC-ADM 816, Section 1(M)(7)." (ECF No. 1, p. 4, ¶ 22). He does not allege he is a member of a protected class, so we construe his claim as a class-of-one claim.

The Equal Protection Clause guarantees "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). For a class-of-one equal-protection claim, a plaintiff must plead that: (1) he was treated differently from others similarly situated; (2) defendants did so intentionally, and (3) there was no rational basis for the difference in treatment. *See Pearson v. Varano*, 656 F. App'x 583, 584 (3d Cir. 2016)(nonprecedential)(internal citations and quotations omitted). "Persons are similarly situated under the Equal Protection Clause when they are alike 'in all relevant respects.'" *Blunt v. Lower Merion School Dist.*, 767 F.3d 247, 273 (3d Cir. 2014)(quoting *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008)).

Based on the above case law, Margretta's allegations fail to support a class-of-one claim. He has not alleged the other inmates were similarly situated to him nor has he alleged there was no rational basis for the difference in treatment. Since it appears he could make the necessary allegations, he will be granted leave to amend this claim. Plaintiff should also provide the facts underlying the loss of his job, i.e., how it happened that Ramirez, Garmon, Hamor and Gummo, acting as the Unit Management Team, decided that he should lose his job, the reason why he did lose his job, and any presentation Wyandt made at the meeting where he lost his job.

E.   *Leave to Amend*

Margretta will be granted twenty-one days to file an amended complaint alleging an equal protection claim.  If Margretta decides to file an amended complaint, he is advised he must clearly designate on the face of the document that it is the "Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or legibly rewritten in its entirety, preferably on the court-approved form.  In addition, the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Margretta is advised that any amended complaint he may file supersedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. V. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013).  Consequently, all causes of action alleged in the original complaint which were not dismissed with prejudice and are not alleged in the amended complaint are waived.

Margretta is also advised that his amended complaint must be concise and direct.  *See* Fed. R. Civ. P. 8(d).  Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements.  *Id.*  The allegations should be specific enough as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights.  *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948.  He must also

-9-

specify the relief he seeks.  Margretta's failure to file an appropriate amended complaint within the required time will result in his lawsuit being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.  Margretta is also cautioned that illegible submissions will be returned to him without consideration.

An appropriate order follows.[1]

/s/ William W. Caldwell<br>William W. Caldwell<br>United States District Judge

Date:  January 19, 2017

---

[1] We have not addressed Plaintiff's state-law claim because, if he fails to allege a valid federal claim, we should dismiss the state-law claim without prejudice to filing it in state court. A decision on the state-law claim should therefore await any amended complaint Plaintiff may file.