IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN MARGRETTA,                      :
                                       :
        Plaintiff                      :
                                       :        CIVIL NO. 1:CV-17-0037
     vs.                               :
                                       :          (Judge Caldwell)
TAMMY FERGUSON, *et al.*,               :
                                       :
        Defendants                     :


*M E M O R A N D U M*

I.    *Introduction*

            Presently before the court is plaintiff, Steven Margretta's, "Motion for Rule

56(b) Determination and Entry of Final Judgment" (ECF No. 13) seeking certification of

partial final judgment on the claims resolved in our January 19, 2017, order screening his

Complaint pursuant to 28 U.S.C. § 1915.  For the reasons that follow, the motion will be

denied.


II.    *Background*

            Margretta filed a civil-rights complaint, challenging his removal from his prison

job.  (ECF No. 1).  On January 19, 2017, we screened his Complaint pursuant to 28 U.S.C.

§ 1915.  We dismissed his official-capacity claims against the named individual defendants;

dismissed the Pennsylvania Department of Corrections (DOC) because it is not amendable

to suit pursuant to 42 U.S.C. § 1983; and dismissed the supervisory claims against DOC

Secretary Wetzel and Superintendent Ferguson with prejudice.  Margretta's state-law and

due-process claims were also dismissed without leave to amend.  Plaintiff was granted

leave to file an amended complaint with respect to his equal-protection claim.  (ECF No. 7).

He filed an amended pleading, and on February 13, 2017, we directed service of the

Amended Complaint.  (ECF No. 10).

On February 17, 2017, Margretta filed a motion pursuant to Fed. R. Civ. P

54(b) seeking entry of judgment as to the issues resolved in our screening order as "[n]o

just cause exist[s] to delay the appeal of the adjudicated liabilities and claim" in our Order.

(ECF No. 13).

III.   *Discussion*

Pursuant to 28 U.S.C. § 1291, the Third Circuit has jurisdiction over appeals

from "final decisions" of the district court.  28 U.S.C. § 1291.  "Generally, an order which

terminates fewer than all claims pending in an action or claims against fewer than all the

parties to an action does not constitute a 'final' order for purposes of 28 U.S.C. § 1291."

*Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 219 (3d Cir. 2012).  However, Fed. R. Civ. P

54(b) allows a district court to "direct entry of a final judgment as to one or more, but fewer

than all, claims or parties only if the court expressly determines that there is no just reason

for delay."  Fed. R. Civ. P. 54(b).  "Certification of a judgment as final under Rule 54(b) is

the exception, not the rule, to the usual course of proceeding in district court."  *Elliott*, 682

F.3d at 220.  The decision whether to certify a judgment as final is "left to the sound judicial

discretion of the district court." *Curtiss-Wright Corp. V. Gen. Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980).

In considering whether to grant Rule 54(b) certification, the court must determine whether a judgment is final, and whether any "just reason for delay" exists. The court does so by balancing judicial administrative interests and the equities involved. *Curtiss-Wright*, 446 U.S. at 8-10, 100 S.Ct. at 1464-65. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438, 76 S.Ct. 895, 901, 100 L.Ed.1297 (1956). In particular, a court should "consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8, 100 S.Ct. at 1465.

Here our screening order contemplated that Margretta would file an amended complaint, which he did. The screening order was thus not a final order as Margretta was to re-plead his equal-protection claim. There also appears to be "just reason for delay." We dismissed official-capacity and supervisory-capacity claims. Plaintiff does not suggest why our decision on those claims, or his due-process claim, was improper or wrong. He argues no harm of injustice through delay that could only be cured by the immediate appeal of these issues. Accordingly, we see no harm, or reason, to certify any portion of our screening decision as "final" for the purposes of allowing Margretta's immediate pursuit of

an appeal of just those claims.  To the contrary, we find that there would be no saving of judicial time or effort in waiting for resolution of the equal-protection claim before allowing any appeal in this case.

        We will issue an appropriate order.


        /s/ William W. Caldwell
        William W. Caldwell
        United States District Judge

Date: March 6, 2017