IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN MARGRETTA, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 1:CV-17-0037 |
| | : (Judge Caldwell) |
| TAMMY FERGUSON, *et al.*, | : |
| Defendants | : |

*M E M O R A N D U M*

I.   *Introduction*

Presently before the court is Steven Margetta's motion for appointment of counsel. (ECF No. 12). For the reasons that follow the motion will be denied.

II.   *Discussion*

This is a civil action, not a criminal one. Hence the plaintiff has no constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Nor can the court compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel." (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation. *Id.* at 503-04 ("Either the Magistrate Judge or the District Court

should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)). A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted). If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly." *Id.* at 505 n.10. However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel." *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

Margretta filed his Complaint concerning the loss of his prison job on December 30, 2016.  (ECF No. 1, Compl.)  On January 19, 2017, we screened the Complaint pursuant to 28 U.S.C. § 1915 dismissing some claims with prejudice while allowing Margretta to file an amended complaint as to others.  (ECF Nos. 6 and 7).  The court has only recently directed service of Margretta's Amended Complaint on the defendants.  (ECF No. 10).  Until the defendants respond, the court will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel.  Margretta's Amended Complaint and other filings have thus far been clearly worded and present logical concise arguments.  To the extent that Margretta's request for counsel is based on the fact of his incarceration or his indigent status, these facts do not warrant the appointment of counsel given this court's liberal construction of *pro se* pleadings.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  Margretta has not suggested why he cannot conduct discovery on his own, like other *pro se* inmates, even though he argues he "lacks the ability to make investigations in this matter and interview witnesses."  (ECF No. 12).  Also, Margretta need not be concerned with his limited access to the law library (4.5 hours) as he may always request an enlargement of time if needed to respond to a court imposed deadline.  (*Id.*)  At this point in the litigation, there is no evidence that any prejudice will befall Margretta in the absence of court-appointed counsel.  Consequently, his request for counsel will be denied.

An appropriate order follows.

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge  

Date: March 6, 2017