# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| STEVEN MARGETTA, | : | 1:17cv0037 |
| --- | --- | --- |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| TAMMY FERGUSON, et al., | : | |
| Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM[1]

The pro se plaintiff, Steven Margetta ("Plaintiff" or "Margetta"), a state inmate housed at the Benner Township State Correctional Institution ("SCI-Benner"), in Bellefonte, Pennsylvania, filed this 42 U.S.C. § 1983 action alleging that Defendants removed him from his prison job as a library worker in violation of his Fourteenth Amendment equal protection rights. (Doc. 9, Am. Compl.) Plaintiff names the following Pennsylvania Department of Corrections (DOC) employees assigned to SCI-Benner: Mr. Ramirez, Director of Education; Mr. Garmen, Director of Inmate

---

[1] On February 5, 2018, this matter was reassigned from the Honorable William W. Caldwell to the undersigned.

Employment; Mr. Hamor, C-Block Unit Manager; and Mr. Gummo, Inmate Counselor. (Id.) Presently before the Court is Defendants' motion to dismiss the Amended Complaint due to Plaintiff's failure to state a claim. (Doc. 21, Defs.' Mot. to Dismiss). For the reasons that follow, Defendants' motion to dismiss the Amended Complaint will be granted with prejudice.

I.  **Motion to Dismiss Standard of Review**

On a motion to dismiss, "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Byers v. Intuit, Inc., 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted). In resolving a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court can consider the allegations of the complaint as well as any "documents that are attached to or submitted with the complaint, . . . any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (brackets in original).

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 102 -03, 2 L.Ed.2d 80 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case—some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "A situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Id. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; accord, e.g., Phillips, 515 F.3d at 232; Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (The court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." (quotations and citations omitted)); Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).

Additionally, pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551

U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003). Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts, which affirmatively demonstrate that the plaintiff has no right to recover, is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002).

## II. Background

### A. Procedural History

Margetta filed his Complaint alleging his improper removal from his prison job on December 22, 2016. (Doc. 1, Compl.) The Court then screened the Complaint pursuant to 28 U.S.C. § 1915 dismissing some claims and some Defendants, but granting Plaintiff leave to file an amended complaint as to his equal protection claim against the four remaining Defendants. See Margetta v. Ferguson, Civ. No. 1:CV-17-0037, 2017 WL 228018 (M.D. Pa. Jan. 19, 2017). On February 9, 2017. (Doc. 9, Am. Compl.)

On April 27, 2017, Defendants filed a motion to dismiss the Amended Complaint due to Plaintiff's failure to state an equal protection claim. (Doc. 21, Defs.' Mot. to Dismiss). Defendants filed a brief in support of their motion. (Doc. 22, Defs.' Mot. to Dismiss Br.) Margetta failed to file an opposition brief or seek an enlargement of time to do so.

### B. Facts as Alleged in the Amended Complaint

Since August 2015 Margetta was employed as a library worker at SCI-Benner with positive progress reports. (Doc. 9, ¶ 12). On July 25, 2016, Plaintiff was summoned to a meeting with the four named Defendants. (Id., ¶ 13). Defendants reported irregularities concerning the use of the library's photocopy machine. Apparently, inmates were using without paying for copies. (Id., ¶¶ 15 - 16). Although Margetta was not specifically accused of wrongdoing or issued a misconduct, Defendants removed him from his library job. (Id., ¶ 18).

Margetta asserts eight other inmates worked in SCI-Benner's library at the relevant period in question. "[T]hus [they] were similarly situated to Plaintiff." (Id., ¶ 21). "At least two of the other similarly situated inmates did not have their job assignments within the library terminated by defendants." (Id., ¶ 22). Margetta alleges that Defendants had "no rational

- 5 -

basis for the difference in the[ir] treatment of Plaintiff and the two similarly situated inmates wh[o] did not have their job assignment within the library terminated."  (Id., ¶ 23).

III. Discussion

Margetta alleges that the Defendants violated his rights under the Equal Protection Clause of the United States Constitution.

The Equal Protection Clause of the Fourteenth Amendment directs that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. CONST. amend. XIV, § 1.  The Equal Protection Clause requires "that all persons similarly situated should be treated alike."  City of Cleburne, Tex v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985).  "'The purpose of the Equal Protection Clause of the Fourteenth Amendment is to secure every person within the state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.'"  Vill. of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 1074-75, 145 L.Ed.2d 1060 (2000) (quoting Sioux City Bridge Co. v. Dakota Cty., 260 U.S. 441, 43 S.Ct. 190, 67 L.Ed. 340 (1923)).

A plaintiff may bring an equal protection claim under two legal theories. First, in a traditional case brought under the Equal Protection Clause, an inmate asserts a defendant treated him differently from other similarly situated individuals because of his membership in an identifiable or protected class, such as race, religion, sex, or national origin. Mack v. Warden Loretto FCI, 839 F.3d 286, 305, n. 112 (3d Cir. 2016). However, in a "class of one" equal protection claim, a plaintiff does not allege discrimination based on membership in a protected class or particular group, but rather, asserts a defendant treated him differently from others similarly situated for arbitrary or irrational reasons. Olech, 528 U.S. at 564, 120 S.Ct. at 1074; Phillips v. Cty. of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008).

Margetta asserts a Fourteenth Amendment equal protection claim challenging Defendants' selective and unequal punishment of him following their discovery of irregularities with the library photocopy machine. Specifically, Margetta avers that when the photocopy thefts took place "at least eight other inmates had job assignments within the library" and that "at least two" of these individuals "did not have their job assignments within the library terminated". (Doc. 9, ¶¶ 21 – 22). Margetta does not assert that the differences in Defendants' treatment of him stems from his membership

in a "suspect class."[2]  See Plyler v. Doe, 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982).  Rather Plaintiff advances his equal protection claim under the "class of one" doctrine.  Olech, 528 U.S. at 564, 120 S.Ct. at 1074; Phillips, 515 F.3d at 243.

In moving to dismiss Plaintiff's "class of one" claim, the DOC Defendants assert that "Plaintiff makes one bald assertion that two other library workers were similarly situated to him, but does not indicate the nature of any similarities other than their shared position as library workers" (Doc. 22, p. 6).  Margetta did not file an opposition brief.

To survive a motion to dismiss, a complaint alleging a "class of one" claim must aver, at a minimum, that the defendant intentionally treated the plaintiff differently from others similarly situated and that there was no rational basis for such treatment.  Phillips, 515 F.3d at 243.  "Persons are similarly situated under the Equal Protection Clause when then are alike 'in all relevant respects.'"  Blunt v. Lower Merion School Dist., 767 F.3d 247, 273 (3d Cir. 2014) (quoting Startzell v. City of Phila, 533 F.3d 183, 203 (3d Cir. 2008)).  When alleging the existence of similarly situated individuals, plaintiff "cannot use allegations … that amount to nothing more than

---

[2] There are no allegations in the Amended Complaint asserting an equal protection claim based on race, religion, or national origin.  Prisoners are not a protected class of individuals.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 317 (3d Cir. 2001) (holding that neither prisoners nor indigents are suspect classes).

'conclusory, boilerplate language' to show that he may be entitled to relief," and "bald assertion[s] that other[s] … were treated in a dissimilar manner" will not survive dismissal. Young v. Sewickley Twp., 160 F. App'x 263, 266 (3d Cir. 2005) (citing Evancho , 423 F.3d at 354 - 55); see also Twombly, 550 U.S. at 561 (requiring more than a "wholly conclusory statement of claim" to survive a motion to dismiss). Instead, Margetta must identify similarly situated individuals and allege "occasions or circumstances" of differential treatment. Young, 160 F. App'x at 266; see also Twombly, 550 U.S. at 563 (requiring plaintiff to plead a set of facts consistent with legal allegations in complaint to survive dismissal).

Here, Margetta avers that there were "at least eight other" inmates working in the institution's library who were "similarly situated" to him. (Doc. 9, ¶ 21). Of those eight, "[a]t least two of the other similarly situated inmates" did not lose their jobs. (Id., ¶ 22). By Margetta's own admission, some of the inmate library workers who were "similarly situated" to him, lost their prison jobs while at least two workers did not. Margetta fails to allege a "class of one" equal protection claim. Plaintiff clearly has not demonstrated that Defendants treated him differently from others "similarly situated". Additionally, Margetta's single boilerplate assertion that Defendants had no rational basis for removing him from his library job,

while at least two of the eight other "similarly situated" library workers were not, is entirely conclusory and speculative in nature.

For these reasons, the Court will grant Defendants' motion to dismiss. Margetta's wholly conclusory allegations are insufficient to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a class-of-one equal protection claim. In addition, the Court previously granted Margetta leave to cure the deficiencies of his equal protection claim and because he failed to oppose the Defendants' motion to dismiss, the Defendants' motion to dismiss the Amended Complaint will be dismissed with prejudice. The Court will not Margetta leave to file a second amended complaint based on futility. See Mullin v. Balicki, 875 F.3d 140, 149 (3d Cir. 2017).

An appropriate Order will enter.

                                               **BY THE COURT:**

**Dated: March 22, 2018**         s/ James M. Munley
                                               **JUDGE JAMES M. MUNLEY**
                                               **United States District Judge**